United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| CASEY RAINEY, *et al.*, § <br> § <br> Plaintiffs. § <br> § <br> V. § <br> § <br> MANUFACTURERS AND TRADERS § <br> TRUST COMPANY, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:23-cv-00272 |

## OPINION AND ORDER

Pending before me is a Motion for Summary Judgment filed by Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"). Dkt. 23. Plaintiff Casey Rainey, individually and on behalf of the estate of Linda Ann Castleberry, and Plaintiff Ed Rainey, individually and as next friend of B.M.R. (collectively, "Plaintiffs") have not filed a response to the motion.[1] Having reviewed the Motion for Summary Judgment and the applicable case law, I **GRANT** the motion.

### BACKGROUND

Barrett Daffin is a law firm. Manufacturers and Traders Trust Company ("M&T") retained Barrett Daffin as its counsel to assist in the non-judicial foreclosure of real property located at 1081 Cayman Bend Lane, League City, TX 77573 (the "Property"). To obtain the Property, Linda Castleberry ("Castleberry") executed a Note and Deed of Trust. Plaintiff Casey Rainey obtained an ownership

---

[1] Under the local rules for the Southern District of Texas, the failure to submit a timely response constitutes a representation of non-opposition. *See* S.D. TEX. L.R. 7.4. Nonetheless, the summary judgment movant bears the burden of demonstrating the absence of a genuine issue of material fact, regardless of whether an adverse party fails to respond. *See Quorum Health Res., L.L.C. v. Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) ("If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response."). I must, therefore, still determine whether Barrett Daffin has demonstrated that it is entitled to summary judgment, despite Plaintiffs' failure to respond.

interest in the Property by deed from Castleberry and was previously the administrator of Castleberry's estate.[2] M&T sought to foreclose on the Property after the loan fell into default.

Plaintiffs filed this lawsuit against M&T and Barrett Daffin in state court. M&T timely removed the case to federal court. In the original state court lawsuit, and a supplemental Complaint filed in federal court, Plaintiffs complain that M&T improperly terminated a contract for modification of the mortgage loan. According to Plaintiffs, Barrett Daffin, acting as M&T's foreclosure counsel, moved forward with foreclosure proceedings despite not having the legal right to do so.

Plaintiffs arguably bring causes of action against Barrett Daffin for fraud, violation of the Texas Debt Collection Act ("TDCA"), violation of the Texas Deceptive Trade Practices Act ("DTPA"), violation of the Federal Debt Collection Practices Act ("FDCPA"), and intentional infliction of emotional distress.[3] Barrett Daffin has moved for summary judgment, offering a number of reasons why Plaintiffs' claims against it fail as a matter of law.[4]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[2] Castleberry died on July 5, 2021.

[3] It is not clear from the pleadings if all these causes of action are asserted against Barrett Daffin, or if some are solely alleged against M&T. Out of abundance of caution, I will assume Plaintiffs have brought these causes of action against Barrett Daffin.

[4] Plaintiffs have also brought a breach of contract action against M&T. Because there are no allegations that Barrett Daffin entered into a contract with Plaintiffs, I assume that Plaintiffs' breach of contract claim is brought against only M&T. To the extent that Plaintiffs do assert a breach of contract claim against Barrett Daffin, the failure to so much as allege "the existence of a valid contract" would be fatal to such a claim. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018).

The party moving for summary judgment bears the burden "of informing the district court of the basis for its motion." *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (cleaned up). If the nonmoving party bears the burden of production at trial, the party moving for summary judgment "must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017) (quotation omitted). If the movant is successful, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon*, 808 F.3d at 270 (quotation omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and must instead "go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotations omitted).

In determining whether summary judgment is proper, I do not "evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (quotation omitted). I "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the nonmovant's favor. *Id.*

## ANALYSIS

**A.    FRAUD AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The attorney immunity doctrine bars Plaintiffs' common law claims against Barrett Daffin for fraud and intentional infliction of emotional distress.

Texas staunchly protects lawyers from liability to non-clients for conduct within the scope of lawyers' representation of their clients. *See Cantey Hanger v. Byrd,* 467 S.W.3d 477, 481 (Tex. 2015) ("[T]here is consensus among the courts of appeals that, as a general rule, attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." (quotation omitted)). This shield from liability is known as the "attorney-immunity doctrine." *See Youngkin v. Hines,* 546 S.W.3d 675, 682 (Tex. 2018). Its underlying

rationale is to free attorneys "to practice their profession" and "advise their clients . . . without making themselves liable for damages." *Cantey Hanger,* 467 S.W.3d at 481 (quotation omitted). In other words, the doctrine is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocates" *Id.* (quotation omitted). The doctrine is necessary "to avoid the inevitable conflict that would arise if [an attorney] were forced constantly to balance his own potential exposure against his client's best interest." *Id.* at 483 (quotation omitted); *see also Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 287 (Tex. App.—Fort Worth 1997, writ denied) ("An attorney's duties that arise from the attorney-client relationship are owed only to the client, not to third persons, such as adverse parties.").

Dismissal based on the attorney immunity defense is proper when "the scope of the attorney's representation—and thus entitlement to the immunity—[i]s apparent on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017). In this case, Plaintiffs' common law claims against Barrett Daffin are premised entirely on allegations of conduct that constituted the discharge of Barrett Daffin's duties in representing its client, M&T. "Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit." *Smith v. Nat'l City Mortg.*, No. A-09-cv-881, 2010 WL 3338537, at *4 (W.D. Tex. Aug. 23, 2010) (quotation omitted). As such, it is unsurprising that the Fifth Circuit has repeatedly recognized that claims against an attorney arising from conduct in foreclosure proceedings must be dismissed when the lawyer is acting within the scope of representation of his client. *See Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 187 (5th Cir. 2021) (affirming dismissal with prejudice of suit against mortgage servicer's attorneys based upon attorney immunity); *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014) ("We have previously held that [a firm] has immunity for its acts as foreclosure counsel.").

Federal district courts in Texas have uniformly followed suit. *See, e.g.*, *Daniels v. Pennymac Loan Servs., LLC*, No. 4:22-cv-199, 2022 WL 16556805, at *5 (S.D. Tex. Oct. 31, 2022) ("The allegation that [lawyers] represented [a bank] in [an allegedly] fraudulent foreclosure does not, on its own, state a claim upon which relief can be granted. Under Texas law, attorney immunity generally protects attorneys from liability to non-clients where the alleged conduct was within the scope of legal representation."); *Stanford v. Kelley*, No. 4:21-cv-388, 2022 WL 671024, at *4 (E.D. Tex. Feb. 12, 2022) ("Because [the defendant attorneys] were acting as counsel for [the bank] in connection with foreclosure of the Property, and it is such actions as counsel of which Plaintiff complains, they are entitled to attorney immunity."); *Burke v. Hopkins*, No. CV H-18-4543, 2020 WL 1314487, at *4 (S.D. Tex. Feb. 24, 2020) (dismissing common law fraud claims against law firm for its representation of its client in foreclosure litigation), *aff'd sub nom. Burke*, 855 F. App'x 180; *Shelby v. Wells Fargo Bank, N.A.*, No. 3:18-cv-416, 2018 WL 3979864, at *3 (N.D. Tex. July 23, 2018) (dismissing claims where "Plaintiff's allegations against [the defendant law firm were] based solely on the fact that it represented Wells Fargo by initiating foreclosure proceedings and issuing the requisite notices, all of which clearly falls within the scope of an attorney's duties in representing his client." (quotation omitted)); *Morse v. Codilis & Stawiarski, P.C.*, No. 4:16-cv-279, 2017 WL 2416332, at *3 (E.D. Tex. June 5, 2017) ("Irrespective of whether Plaintiff believes Defendant Codilis's provision of legal services was well reasoned or meritorious, such work still constitutes the provision of legal services to a client. Defendant Codilis is entitled to attorney immunity.").

The outcome in this case should be no different. Plaintiffs have sued Barrett Daffin for actions it took as counsel for M&T in connection with the attempted foreclosure of the Property. That is exactly the type of conduct the attorney immunity doctrine is intended to protect. Barrett Daffin is entitled to summary judgment on Plaintiffs' common law fraud and intentional infliction of emotional distress claims against it.

### B. TDCA AND DTPA CLAIMS

Plaintiffs contend Barrett Daffin violated several provisions of the TDCA and DTPA.[5] Relying on the attorney immunity doctrine, some courts have dismissed both TDCA and DTPA claims against law firms where the claims arise from purported conduct by attorneys in representing their clients in connection with foreclosure proceedings. *See, e.g.*, *Wade v. Household Fin. Corp. III*, No. 1:18-cv-570, 2019 WL 433741, at *4 (W.D. Tex. Feb. 1, 2019) (dismissing TDCA and DTPA claims under attorney immunity doctrine because "[t]he only actions identified by [plaintiff] forming the basis for its claims against [the defendant law firm] are actions the law firm took on behalf of [a bank] by making legal filings either in county court records or in judicial proceedings"). Other federal courts, however, have been reluctant to apply the attorney immunity doctrine to TDCA and DTPA claims. *See Burke*, 2020 WL 1314487, at *5 ("Attorney immunity does not apply if a statute expressly abrogates the defense . . . . [T]he Texas Debt Collection Act (TDCA) appl[ies] to attorneys who regularly engage in consumer-debt collection activity."), *aff'd sub nom. Burke*, 855 F. App'x 180; *Matthaei v. JP Morgan Chase Bank, Nat'l Ass'n*, No. A-14-cv-104, 2014 WL 12877375, at *6 (W.D. Tex. June 9, 2014) (refusing to apply the attorney immunity doctrine to claims brought under the TDCA or the tie-in provisions of the DTPA).

I need not decide today whether the attorney immunity doctrine protects attorneys from liability under the TDCA or the DTPA, because there are independent reasons why Plaintiffs' TDCA and DTPA claims fail.

#### 1. *TDCA Claim*

Plaintiffs allege Barrett Daffin violated several provisions of the TDCA. I will address the provisions one-by-one.

---

[5] The DTPA tie-in statute provides a private right of action under the DTPA to a plaintiff seeking to recover under the TDCA. *See* TEX. BUS. & COM. CODE § 17.50(h); TEX. FIN. CODE § 392.404(a) ("A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter.").

6

**Section 392.301(a)(3)**. Plaintiffs allege Barrett Daffin violated § 392.301(a)(3), which prohibits debt collectors from making representations "to any person other than the consumer that a consumer is wil[l]fully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute." TEX. FIN. CODE § 392.301(a)(3). This claim fails because Plaintiffs have produced no evidence that Barrett Daffin made any representations to anyone that Plaintiffs were refusing to pay a nondisputed consumer debt.

**Section 392.301(a)(7)**. Plaintiffs allege Barrett Daffin violated § 392.301(a)(7), which prohibits debt collectors from "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings." *Id.* § 392.301(a)(7). But the TDCA clarifies that a debt collector is not prohibited from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* § 392.301(b)(3). In that vein, the Fifth Circuit has held that "Section 392.301(a)(7) simply does not apply to non-judicial foreclosure." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 477 (5th Cir. 2015). This claim thus fails as a matter of law.

**Section 392.301(a)(8)**. Plaintiffs allege Barrett Daffin violated § 392.301(a)(8), which prohibits debt collectors from "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). Because Plaintiffs have produced no evidence that Barrett Daffin has done any such thing, this claim also fails as a matter of law.

**Section 392.304(a)(19)**. Finally, Plaintiffs allege Barrett Daffin violated § 392.304(a)(19), which prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Id.* § 392.304(a)(19). Because Plaintiffs have produced no evidence that Barrett Daffin made any false representation or used any deceptive means, this claim also fails as a matter of law.

### 2. *DTPA Claim*

The DTPA protects consumers from deceptive trade practices in the purchase and lease of goods and services. *See* TEX. BUS. & COM. CODE § 17.46. To prevail on a cause of action under the DTPA, Plaintiffs must prove their status as "consumer[s]." *Id.* § 17.50(a). "'Consumer' means an individual . . . who seeks or acquires by purchase or lease, any goods or services." *Id.* § 17.45(4). To establish DTPA consumer status, Plaintiffs must show: (1) that they acquired goods or services by purchase or lease; and (2) that the goods or services purchased or leased form the basis of the complaint. *See Sherman Simon Enters. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 15 (Tex. 1987). "Whether a plaintiff is a consumer under the DTPA is a question of law." *Thompson v. Deloitte & Touche, L.L.P.*, 902 S.W.2d 13, 19 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Here, Plaintiffs have alleged no facts that suggest that they are consumers under the DTPA. In particular, there are no allegations, much less evidence, that Plaintiffs acquired any goods or services. This case, according to Plaintiffs, "arises out of a contract for modification of a mortgage loan." Dkt. 13 at 3. "As a general rule, where the underlying transaction is a loan, consumer status is not conferred because money is neither a good or service." *Reule v. M & T Mortg.*, 483 S.W.3d 600, 614 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also Whittier v. Ocwen Loan Servicing, LLC*, No. H-12-3095, 2013 WL 5425294, at *7 (S.D. Tex. Sept. 25, 2013) ("Usually a loan transaction cannot be challenged under the DTPA because the plaintiff sought or acquired money, which is not a good or a service."). In short, summary judgment is proper on Plaintiffs' DTPA claim because there is no genuine dispute that Plaintiffs are not consumers.

### C. FDCPA CLAIM

Plaintiffs allege Barrett Daffin violated the FDCPA by threatening to foreclose and then misrepresenting that the firm was "stopping collection efforts" until Castleberry's "probate case was resolved." Dkt. 1-5 at 11. Although Plaintiffs do not cite a specific statutory provision of the FDCPA, such a claim would arise

8

under § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

To begin, I observe that the attorney immunity doctrine does not apply to Plaintiffs' FDCPA claim. FDCPA claims may be brought against attorneys, even in their roles as litigators. *See Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) ("[T]he term 'debt collector' in the [FDCPA] . . . applies to a lawyer who 'regularly,' *through litigation*, tries to collect consumer debts."). Even so, Plaintiffs' FDCPA claim still fails as a matter of law.

The prohibitions of the FDCPA apply only to "debt collectors." *See Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997). The United States Supreme Court has held that, but for an FDCPA provision not applicable here,[6] "those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]." *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019). Because Barrett Daffin is not a "debt collector" within the meaning of the FDCPA provision that would outlaw the conduct of which Plaintiffs complain, Barrett Daffin is entitled to summary judgment on Plaintiffs' FDCPA claim.

---

[6] That provision is § 1692f(6), which prohibits a debt collector from:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
> (A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B)  there is no present intention to take possession of the property; or
> (C)  the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Plaintiffs are not seeking to recover under this provision, and even if they were, there is no evidence in the summary judgment record supporting such a claim.

## CONCLUSION

For the reasons discussed above, Barrett Daffin's Motion for Summary Judgment (Dkt. 23) is **GRANTED**.

SIGNED this 10th day of July 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE