Case 3:23-cv-00272 Document 57 Filed on 05/19/25 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CASEY RAINEY, *et al.*, § <br> § <br> Plaintiffs. § <br> § <br> V. § <br> § <br> MANUFACTURERS & TRADERS § <br> TRUST COMPANY, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:23-cv-00272 |

## <u>OPINION AND ORDER</u>

Pending before me is Plaintiffs' Motion for Remand to State Court. Dkt. 54. The motion is granted.

### BACKGROUND

Plaintiff Casey Rainey, individually and on behalf of the estate of Linda Ann Castleberry, originally filed this lawsuit in state court against Manufacturers & Traders Trust Company ("M&T") and its foreclosure counsel, Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"). In a nutshell, Plaintiffs complain that M&T improperly terminated a contract for modification of a mortgage loan and then, with the assistance of Barrett Daffin, moved forward with foreclosure proceedings, despite not having the legal right to do so. On August 23, 2023, M&T timely removed this case to federal court on the basis of federal question jurisdiction. On December 22, 2023, Plaintiffs filed their First Supplemental Complaint, adding Rainey's husband, Ed, as a plaintiff proceeding on behalf of himself and as next friend of B.M.R., a minor. *See* Dkt. 13.[1] For more than a year and a half, the case has proceeded in federal court. The parties have completed discovery and briefed M&T's motion for summary judgment, which remains pending. In late 2024, I ordered the parties to mediate. They did so, but reported

---

[1] Ed Rainey is also the counsel of record for Plaintiffs.

back earlier this year that the mediation was unsuccessful. On January 30, 2025, Plaintiffs raised, for the first time, the possibility that removal was inappropriate. *See* Dkt. 48. Plaintiffs then filed a motion to remand. *See* Dkt. 54. M&T opposes Plaintiffs' effort to send this case back to state court. *See* Dkt. 55.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation omitted). The two primary sources of federal courts' original jurisdiction are diversity jurisdiction and federal question jurisdiction. *See* U.S. CONST., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331–32. Diversity jurisdiction allows federal courts to decide cases that are between citizens of different states when the amount in controversy involves more than $75,000. *See* 28 U.S.C. § 1332(a). Federal question jurisdiction permits a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001). Federal question jurisdiction is also created when a complaint "states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id*. Because "the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, to have the cause heard in state court." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (cleaned up).

A party's right to remove a civil action is ordinarily "determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). But where "a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). "The defendant seeking removal bears the burden of demonstrating that a federal question exists." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## ANALYSIS

Plaintiffs argue that "[t]his case was improperly removed because there was no federal question jurisdiction at the time of removal." Dkt. 54 at 4. When M&T removed this case to federal court, M&T asserted in its Notice of Removal that Plaintiffs raised a Fair Debt Collection Practices Act ("FDCPA") claim against M&T in their state court petition. *See* Dkt. 1 at 2–3. The FDCPA is a federal law that "protect[s] consumers from a host of unfair, harassing, and deceptive debt collection practices." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351 (5th Cir. 2002) (quotation omitted). If an FDCPA claim is apparent from the face of the state court petition, as supplemented by Plaintiffs' First Supplemental Complaint, then federal question jurisdiction exists and M&T properly removed this matter to federal court. *See Caterpillar Inc.*, 482 U.S. at 392.

To determine whether Plaintiffs actually raise an FDCPA claim, I must review the face of the original state court petition, the live pleading at the time of removal, as well as the First Supplemental Complaint. The state court petition is divided into nine discreet sections: (1) Discovery Control Plan; (2) Relief Requested; (3) Jurisdiction and Venue; (4) Parties and Service; (5) Relevant Facts

and Information; (6) Causes of Action; (7) Plaintiffs' Request for Injunctive Relief; (8) Class Certification; and (9) Attorneys' Fees. *See* Dkt. 1-5 at 2–21. There is no reference to the FDCPA in the Causes of Action section. Rather, Plaintiffs list four causes of action: (1) Breach of Contract; (2) Fraud and Breach of Good Faith and Fair Dealing; (3) Declaratory Judgment; and (4) Specific Performance. *See id.* at 11–15. Plaintiffs' First Supplemental Complaint references no federal law whatsoever. Rather, this supplemental pleading adds a new party (Ed Rainey) and three new causes of action: (1) violation of the Texas Debt Collection Act;[2] (2) violation of the Texas Deceptive Trade Practices Act ("DTPA"); and (3) intentional infliction of emotional distress. *See* Dkt. 13 at 6–9. None of the purported causes of action in Plaintiffs' state court petition or their supplemental complaint implicate the FDCPA.

Breach of contract, fraud, breach of good faith and fair dealing, intentional infliction of emotional distress, and violations of the TDCA and DTPA are all state law causes of action that present no federal question. "Specific performance is an equitable remedy that may be awarded upon a showing of breach of contract. . . . [It] is not a separate cause of action." *Stafford v. S. Vanity Mag., Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied). The remedy of specific performance, like the underlying breach of contract claim, does not turn on the FDCPA or any substantial question of federal law. That leaves the cause of action for declaratory judgment.

---

[2] The Texas version of the FDCPA—found at §§ 392.201 through 392.404 of the Texas Finance Code—is commonly referred to interchangeably as the Texas Debt Collection Act ("TDCA"), the Texas Debt Collection Practices Act ("TDCPA"), or the Texas Fair Debt Collection Practices Act ("TFDCPA"). *See, e.g.*, *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 470 (5th Cir. 2015) (referring to the Texas version of the FDCPA as "the Texas Debt Collection Act ('TDCA')"); *Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 480 (5th Cir. 2013) (referring to the Texas version of the FDCPA as "the Texas Fair Debt Collection Practices Act ('TFDCPA')"); *Brown v. First Nat'l Bank of Kemp*, No. 12-23-00297, 2024 WL 2337634, at *2 (Tex. App.—Tyler May 22, 2024, no pet.) (referring to the Texas version of the FDCPA as "the Texas Debt Collection Practices Act (TDCPA)").

In discussing the declaratory judgment claim, Plaintiffs state that they are "request[ing] appropriate relief under the . . . Texas Fair Debt Collection[] Practices Act." Dkt. 1-5 at 14. Plaintiffs' reference to the "Texas Fair Debt Collection[] Practices Act" unquestionably denotes the Texas version of the FDCPA. Although the conduct made unlawful by the Texas version of the FDCPA is virtually identical to the conduct made unlawful by the FDCPA itself, they are two distinct statues, one arising under federal law and the other presenting solely state law issues. *See Prophet v. Myers*, 645 F. Supp. 2d 614, 617 n.3 (S.D. Tex. 2008). The language in the Causes of Action section makes it clear that Plaintiffs are relying on the Texas state statute, not the FDCPA, for their declaratory relief claim.

Although the Causes of Action section does not reference the FDCPA even once, M&T observes that Plaintiffs allege FDCPA violations in three separate places in the state court petition. All these references to the FDCPA are contained in the Relevant Facts and Information section. First, Plaintiffs state that M&T and/or its lawyers were "in violation of the Fair Debt Collection[] Practices Act." Dkt. 1-5 at 7. Second, Plaintiffs aver that M&T and/or its lawyers were "in violation of the FDCPA." *Id*. Third, Plaintiffs allege that "[M&T] and Barrett [Daffin] Violated the Procedures They Included in Barrett[ Daffin]'s December 2022 and February 2023 Letters, Which Are Violations of the FDCPA." *Id.* at 10.

These three references to the FDCPA in the facts section of the state court petition do not, by themselves, create a federal question. "[P]assing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Ambrose v. Grindell & Romero Ins., Inc.*, No. 17-cv-0681, 2018 WL 1033201, at *4 (D.N.M. Feb. 23, 2018) (quotation omitted); *see also JVC Ams. Corp. v. CSX Intermodal Inc.*, 292 F. Supp. 2d 586, 592 (D.N.J. 2003) ("Generally, federal courts have found that cases should be remanded when federal law is merely referenced or mentioned in the claim." (quotation omitted)). As the master of their claim, Plaintiffs can allege facts that would otherwise give rise to a

federal claim but still avoid federal court by structuring their well-pleaded complaint to assert only state law causes of action. "The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 554 (5th Cir. 2008).

Plaintiffs obviously muddy the waters by referring to the FDCPA in the fact section of their state court petition, and it would surely be cleaner and easier for Plaintiffs to expressly disclaim any federal cause of action. But where Plaintiffs clearly list their causes of action and none of the claims listed are created by federal law, Plaintiffs have not stated a federal claim. *See, e.g.*, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) ("While the reference to ['the laws of the United States (42 U.S.C. 2000(e)-2) [Title VII]'] suggests that [plaintiff] might be asserting at least one federal cause of action, the actual causes of actions stated in the complaint all sound in state law."); *Darr v. N.M. Dep't of Game & Fish*, 403 F. Supp. 3d 967, 1010 (D.N.M. 2019) (Although plaintiff mentioned the Family and Medical Leave Act ("FMLA") in 13 different paragraphs in her complaint, the district court recognized that "the Complaint's face asserts only state law claims."); *Appalachian Reg'l Healthcare, Inc. v. Ky. Spirit Health Plan, Inc.*, No. 3:12-026, 2013 WL 191371, at *8-9 (E.D. Ky. Jan. 17, 2013) ("In short, ARH's citation to federal statutes in the background section of their Complaint appears to be an attempt to more fully-explain the organization of Kentucky's Medicaid system, as opposed to making allegations which would confer federal jurisdiction over their claims. . . . [T]o the extent that federal Medicaid law is implicated in the statutory framework in which Kentucky's Medicaid program operates, this is insufficient to trigger the 'arising under' door of federal question jurisdiction."); *Jordan v. Humana Mil. Healthcare Servs., Inc.*, No. C-3-06-051, 2006 WL 1207914, at *1 (S.D. Ohio May 2, 2006) (holding that plaintiff did not state a federal cause of action simply because she mentioned the FMLA twice in the facts section when the "Complaint states three causes of action brought pursuant to Ohio law and no causes of action created by the FMLA or any other federal law."). To hold otherwise

> would effectively shift the burden of establishing federal question jurisdiction in removal cases away from defendants by requiring plaintiffs to affirmatively establish the *lack* of such jurisdiction. Any complaint that included even a passing mention of federal law would, so long as the facts could possibly have supported an undeclared federal claim, be subject to the expensive and delaying removals that [the federal removal statute] was designed to discourage.

*Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1063 (6th Cir. 2008). To summarize, I hold that Plaintiffs' passing references to the FDCPA in the factual background section of their state court petition do not state a federal claim because Plaintiffs have specifically identified the causes of action they assert and the FDCPA is not included among them.

  M&T also argues that the state court petition presents a federal question because it contains a claim against M&T for an alleged violation of the Truth in Lending Act ("TILA"), another federal statute. Under a section titled "Declaratory Judgment," Plaintiffs "request[] appropriate relief under the Truth in Lending Act." Dkt. 1-5 at 14. Whether this states a federal claim is immaterial because M&T did not assert that the TILA provided a basis for federal jurisdiction in its notice of removal. A defendant seeking to invoke federal jurisdiction must file a notice of removal stating "the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days of service. *See id.* § 1446(b). Although M&T timely filed a notice of removal, that notice specified only two grounds for federal question jurisdiction: (1) an FDCPA claim; and (2) an implied claim under the Real Estate Settlement Procedures Act ("RESPA"). *See* Dkt. 1 at 2–3. In opposing remand, a removing defendant may not assert a new basis for federal question jurisdiction that is absent from the notice of removal. *See Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 534–36 (E.D. Mich. 2004) (refusing to allow a defendant to "assert a new ground for jurisdiction in opposition to a motion to remand" when that jurisdictional basis did not appear in the notice of removal); *Am. Educators Fin. Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996) (rejecting the removing defendants' "attempts to allege additional federal claims . . . which were

7

not pointed out in the original Notice of Removal"); *Iwag v. Geisel Compania Maritima, S.A.*, 882 F. Supp. 597, 601 (S.D. Tex. 1995) (declining to allow a removing defendant to assert "that the plaintiffs' petition includes a separate and independent penalty wage claim under [federal law]" when "[t]he original notice contain[ed] no such reference"). Accordingly, M&T cannot now claim that it properly removed this case based on a TILA claim when its notice of removal never mentioned that statute as a potential basis for federal jurisdiction.

As for the implied RESPA claim that M&T alleges also gives rise to federal question jurisdiction, I do not buy it. A plaintiff is "master of the claim" and can choose whether to assert a federal claim. *Caterpillar Inc.*, 482 U.S. at 392. Here, the petition does not mention RESPA once, even in passing. And M&T fails to offer any argument as to why it believes such a cause of action is somehow implied on the face of the complaint. Federal question jurisdiction in this matter cannot be based on an implied RESPA claim. *See Henry v. Bank of Am., N.A.*, No. 4:12-cv-786, 2012 WL 6730718, at *7 (N.D. Tex. Dec. 28, 2012) (where "[p]laintiff has not attempted to bring a cause of action alleging any violations of RESPA, and mentions RESPA only under her prayer" for relief, "such a minor reference" does not mean the original petition "necessarily turn[s] on or otherwise present[s] a substantial federal issue" (quotation omitted)). Here, the existence of federal question jurisdiction rises and falls on whether Plaintiffs have brought an FDCPA claim against M&T. Because, as discussed above, Plaintiffs do not assert an FDCPA claim, this court lacks federal question jurisdiction. This case must be remanded to state court.

## CONCLUSION

Because a federal claim is not evident on the face of the original petition or Plaintiff's supplemental pleading, Defendants failed to invoke this court's federal

question jurisdiction. Plaintiffs' Motion to Remand (Dkt. 54) is granted. This case is remanded to Galveston County Court at Law No. 3.[3]

SIGNED this 19th day of May 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] I fully recognize that the parties have spent an enormous amount of time and effort over the past few years litigating this matter in federal court. Although I hate to remand this case to state court after so much time has elapsed, my hands are tied. Federal question jurisdiction simply does not exist.